# EXHIBIT "A"

Electronically Filed by Superior Court of California, County of Orange, 10/30/2020 03:57:24 PM.
30-2020-01167982-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EQUINOX HOLDINGS, INC., a Delaware corporation; and DOES
1-10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VALERIE MARTINEZ, an Individual, THERESE SVENGERT, an
Individual.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)*  CENTRAL JUSTICE CENTER<br><br>700 CIVIC CENTER DRIVE WEST<br>SANTA ANA, CA 92701 | CASE NUMBER:<br>*(Número del Caso:)*  30-2020-01167982-CU-WT-CJC<br><br>Judge Robert J. Moss |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*

Omid Nosrati, Esq. (SBN 216350) 1801 Century Park East, Ste 840, Los Angeles, CA 90067, 310.553.5630

| DATE: 10/30/2020 DAVID H. YAMASAKI, Clerk of the Court | Clerk, by | *Katie Trent* | Katie Trent | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  **Equinox Holdings, Inc., a Delaware corporation**

under:  ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 10/30/2020 03:57:24 PM.
30-2020-01167982-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1  THE LAW OFFICE OF OMID NOSRATI
   Omid Nosrati, Esq. (SBN 216350)
2  Rene M. Maldonado, Esq. (SBN 289739)
3  1801 Century Park East, Suite 840
   Los Angeles, California 90067
4  Telephone: (310) 553-5630
   Facsimile: (310) 553-5691
5  Email: omid@nosratilaw.com
   Email: rene@nosratilaw.com
6
   Attorneys for Plaintiffs,
7  VALERIE MARTINEZ
   THERESE SVENGERT
8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                           FOR THE COUNTY OF ORANGE
10
                  CENTRAL JUSTICE CENTER, UNLIMITED JURISDICTION
11

12  VALERIE MARTINEZ, an Individual,        Case No. 30-2020-01167982-CU-WT-CJC
    THERESE SVENGERT, an Individual,
13                                          **COMPLAINT FOR DAMAGES**
14       Plaintiffs,
                                            1.  Discrimination on the Basis of Disability
15       vs.                                    (Gov. Code § 12940(a))

16  EQUINOX HOLDINGS, INC., a Delaware      2.  Retaliation in Violation of the CFRA (Gov.
    corporation; and DOES 1-10, inclusive.      Code § 12945.2(l))
17
                                            3.  Retaliation in Violation of FEHA (Cal. Gov't
18       Defendants.                            Code §12940(h) and §12940(m)(2))

19                                          4.  Failure to Prevent Discrimination Based on
                                                Disability (Gov. Code §12940(k))
20
                                            5.  Whistleblower Retaliation (Lab. Code, §
21                                              1102.5)

22                                          6.  Wrongful Termination in Violation of Public
                                                Policy
23
                                            DEMAND FOR JURY TRIAL
24
                                            **Assigned for All Purposes**
25
                                            Judge Robert J. Moss
26
27
28

                                    – 1 –
                                  COMPLAINT

## PARTIES

1.    At all times relevant for purposes of this Complaint, Plaintiff, VALERIE MARTINEZ ("MARTINEZ") has been a resident of the State of California.

2.    At all times relevant for purposes of this Complaint, Plaintiff, THERESE SVENGERT ("SVENGERT") has been a resident of the State of California.

3.    MARTINEZ and SVENGERT (collectively referred to as "Plaintiffs") are informed, believe and thereon allege, that at all times relevant for purposes of this Complaint, Defendant, EQUINOX HOLDINGS, INC., was and is a Delaware corporation, doing business in the State of California.

4.    Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and therefore sues Defendants by such fictitious names. Defendants DOES 1 through 10, at all times relevant for purposes of this Complaint were employees, agents, officers and/or members of the board of directors of Defendants. Plaintiffs will amend this complaint to allege the true names and capacities of the Defendants designated herein as DOES 1 through 10, inclusive, when they have been ascertained.

5.    Plaintiffs are informed and believe, and on that basis allege, that all named Defendants and those designated herein as DOES 1 through 10, inclusive, are responsible in some manner for the acts, events and occurrences alleged herein, and caused or contributed to the damages sustained by Plaintiffs.

6.    Plaintiffs are informed and believe, and on that basis allege, that at all times relevant for purposes of this Complaint, the Defendants designated herein as DOES 1 through 10, inclusive, acted as the agents, employees, directors, officers, co-venturers, and partners of the named Defendants and such fictitiously-named Defendants. Each of them, while acting in the course and scope of their agency, employment, corporate capacities, and partnership, performed the acts and conduct hereinafter alleged, and said acts and conduct were ratified and approved by each Defendant.

7.    Plaintiffs are informed and believe, and on that basis allege, that each named Defendant and the Defendants designated herein as DOES 1 through 10, inclusive, exercised control over Plaintiffs' compensation, hours and terms of employment, thereby making them Plaintiffs' joint

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE., 840, L.A, CA 90067

1    employer.

2        8.        Plaintiffs are further informed and believe, and on that basis allege that each named

3    Defendant and the Defendants designated herein as DOES 1 through 10, inclusive, exercised control

4    over Plaintiffs' compensation, hours and terms of employment, thereby making them Plaintiffs' joint

5    employer. Plaintiff is further informed and believes, and on that basis alleges that there is an

6    interrelation of operations, centralized control of labor relations, common management, and common

7    ownership or financial control between each named Defendant and/or the Defendants designated

8    herein as DOES 1 through 10, inclusive, thereby making them Plaintiffs' joint employer.

9                                    **JURISDICTION**

10       9.        Defendants and/or DOES 1 through 10 are subject to suit under the California Fair

11   Employment and Housing Act ("FEHA") as they regularly employ five or more persons in the State

12   of California. Gov't Code §12926(d). The FEHA prohibits discrimination, harassment, and retaliation

13   on the basis of race, sex, color, national origin, disability, ancestry and age, among other acts, by an

14   employer against an employee.

15       10.       Plaintiffs have exhausted all administrative remedies necessary and has timely brought

16   this action. (Plaintiffs' DFEH Complaint and Right to Sue Notice are collectively attached as Exhibit

17   A).

18       11.       Jurisdiction is proper in this court by virtue of the California statutes, decisional law,

19   and regulations, and the local rules under the Los Angeles County Superior Court Rules.

20       12.       Jurisdiction and venue in this county and division is proper because the events giving

21   rise to each and every of the following causes of action, which are described below, occurred within

22   this judicial district in the State of California. Furthermore, the relief sought through this Complaint is

23   within the jurisdiction of this Court because the damages are more than $25,000.00.

24       13.       Venue is proper in the Central Justice Center of the Orange County Superior Court

25   pursuant to Code of Civil Procedure §395(a) and 395.5, because at least some of the acts complained

26   of herein occurred in the County of Orange.

27   ///

28   ///

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE. 840, L.A, CA 90067

## FACTS COMMON TO ALL CAUSES OF ACTION

### Facts Specific to Valerie Martinez

14.     On or around March 27, 2017, MARTINEZ was hired as a Front Desk Associate at Defendant's Equinox Newport Beach location. On or around July 1, 2018, MARTINEZ was transferred to Equinox Sports Club Orange County located in Irvine, CA. On or around April 22, 2019, MARTINEZ was promoted to Assistant General Manager at Equinox Sports Club Orange County.

15.     In or around July 2019, while working as an Assistant General Manager at Equinox Sports Club Orange County, MARTINEZ began to experience symptoms of dizziness, nausea, and fatigue. During one of her shifts in October 2019, MARTINEZ's symptoms became so bad that her mom had to pick her up from work and take her to the emergency room because she was unable to walk, let alone drive herself to the hospital.

16.     In or around November 2019, MARTINEZ's mom once again picked her up from work to transport her to the emergency room due to her recurring symptoms of dizziness, nausea, and fatigue. Throughout this time, MARTINEZ's direct supervisor and the General Manager of Equinox Sports Club Orange County, Whitney Johnston, was aware that MARTINEZ was dealing with health issues relating to her recurring symptoms of dizziness, nausea, and fatigue. In fact, Ms. Johnston was present at the club when MARTINEZ's mom picked her up to take her to the emergency room.

17.     On or around November 12, 2019, MARTINEZ was diagnosed with Persistent Postural-Perceptual Dizziness (PPPD). PPPD is a condition that produces persistent dizziness, non-spinning vertigo and/ or unsteadiness. MARTINEZ's doctor informed her that PPPD is caused by a dysregulation to the nervous system due to extensive stress and exhaustion. Upon being diagnosed with PPPD, MARTINEZ's doctor placed her on a two-week medical leave, from November 14, 2019 to November 26, 2019. On or around November 12, 2019, MARTINEZ provided the medical leave note to Whitney Johnston and Michelle Weidman, an Equinox Human Resources representative.

18.     Although MARTINEZ returned to work on or around November 27, 2019, she continued to struggle with PPPD and the recurring symptoms of dizziness, nausea, and fatigue.

19.     On or about January 9, 2020, Ms. Johnston, claimed to MARTINEZ that her performance was suffering as she was allegedly not providing enough support to the Maintenance

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE. 840, L.A. CA 90067

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE. 840, L.A., CA 90067

Department. During this conversation, Ms. Johnston also stated that she had been over-sympathetic about MARTINEZ's health concerns but, because it was starting to (allegedly) impact her performance, she could no longer be sympathetic, or words similar to that effect.

20.    As an Assistant Manager, MARTINEZ had become familiar with Defendant's strategy of "managing out" employees. Under this strategy, when Defendant wanted to "manage out" certain employees, it would assign the employees more work than they could handle, change their schedules, assign tasks that could not be completed in the assigned deadline all with the intent of providing a paper trail to support the employees' eventual termination. This practice of "manage out" was applied to employees that were experiencing health issues.

21.    On around January 21, 2020, due to MARTINEZ's serious health condition of PPPD, her doctor placed her on a twelve-week medical leave, with a return to work date of April 15, 2020.

22.    On or around February 3, 2020, while she was still out on leave, MARTINEZ spoke with Michelle Weidman and made a verbal complaint regarding the discriminatory treatment that she received from Whitney Johnston. MARTINEZ informed Ms. Weidman that Ms. Johnston was aware that she had been dealing with PPPD and the relating symptoms of dizziness, nausea, and fatigue, which were caused by extensive stress. MARTINEZ informed Ms. Weidman, that despite her health issues, Ms. Johnston assigned her extra work, which caused further stress and contributed to her PPPD symptoms. MARTINEZ also informed Ms. Weidman that Ms. Johnston had a history of assigning extra work and placing extra pressure on employees that were experiencing health issues, which created a toxic environment at the club. Ms. Weidman stated, "I'm going to try my best, but I only have so much power," or words similar to that effect.

23.    On or about, February 3, 2020, MARTINEZ also emailed Gentry Long, the Vice President of Equinox Sports Clubs, and submitted a written complaint regarding Whitney Johnston. In addition to providing Mr. Long with the same information that she provided to Ms. Weidman, MARTINEZ provided Mr. Long specific examples of Whitney Johnston's discriminatory treatment of employees that had experienced serious health issues.

24.    In the same email to Mr. Long, MARTINEZ also provided Mr. Long with a list of employees that have experienced similar discriminatory treatment from Ms. Johnston. Based on

1    information and belief, none of the witnesses were contacted by Human Resources or anybody else

2    from Equinox. Also, based on information and belief, no formal investigation was conducted. In fact,

3    based on information and belief, shortly after MARTINEZ issued the complaint against Whitney

4    Johnston, Ms. Johnston received a promotion from General Manager to Executive Director of Equinox

5    Sports Club Orange County.

6          25.    In or around the end of March 2020, Ms. Johnston emailed MARTINEZ asking if she

7    had recovered. MARTINEZ informed Ms. Johnston that she was still under her doctor's care and she

8    had not been cleared to return to work.

9          26.    Then, on or around March 30, 2020, MARTINEZ received an email from Harvey

10   Speak, Defendant's CEO, outlining the company's response to COVID-19. Mr. Speak stated that, for

11   the duration of the gym closures, Equinox would be making the following payroll adjustments: (1)

12   active employees working at full schedule would receive a 25% reduction in pay (affected employees

13   were some Corporate Employees); (2) active employees working with reduced hours would receive a

14   25% reduction in pay (affected employees were some Club Managers and some Corporate

15   Employees); (3) inactive, non-working employees would receive a 25% reduction in pay (affected

16   employees were all Personal Trainers, all Group Fitness Instructors, most Club Managers, some

17   Pilates, Spa, and Corporate Employees); and (4) inactive, non-working employees would receive no

18   pay and would be designated as furloughed  (affected employees were Front Desk, Maintenance

19   Associates, Kids Club, most Spa and retail employees, and some Corporate Employees).

20         27.    Thereafter, on or around April 3, 2020, MARTINEZ was informed that she had been

21   designated as "furloughed" without pay according to option 4 of Harvey Speak's March 30, 2020

22   email, even though Club Managers were not listed as affected employees under option 4. Based on

23   information and belief, no other Assistant General Manager at any of Equinox's Southern California

24   locations, besides MARTINEZ and SVENGERT, were furloughed. Based on information and belief,

25   all other Assistant General Managers were classified as "inactive" and continued to be paid according

26   to option 3 of Harvey Speak's March 30, 2020 email. This included Jesus Sandoval, an Assistant

27   General Manager at Equinox Sports Club Orange County.

28         28.    On or around June 17, 2020, the Equinox Sports Club Orange County location opened

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE. 840, LA, CA 90067

– 6 –

COMPLAINT

1    for business. However, nobody from Equinox contacted MARTINEZ about returning to work even

2    though her leave had ended on April 15, 2020.

3        29.    On or around June 23, 2020, Gentry Long and Michelle Weidman informed

4    MARTINEZ that she was being terminated effective immediately. Mr. Long stated that, due to the

5    COVID-19 pandemic, Equinox was changing its model and was going to have only one Assistant

6    General Manager per club.

7                    **Facts Specific to Therese Svengert**

8        30.    On or around April 11, 2016, SVENGERT was hired as an Assistant General

9    Manager at Defendant's Equinox Huntington Beach location. On or around June 1, 2019,

10   SVENGERT was transferred to Equinox Sports Club Orange County as an Assistant General

11   Manager. Throughout her time at Equinox Sports Club Orange County, Whitney Johnston was

12   SVENGERT's direct supervisor and the General Manager of the club.

13       31.    In or around November 2019, SVENGERT was diagnosed with anxiety, depression,

14   and insomnia. SVENGERT's psychiatrist also prescribed her several medications to treat her serious

15   health condition. Thereafter, SVENGERT informed Whitney Johnston that she had been diagnosed

16   with anxiety, depression, and insomnia and she was taking medication to treat these conditions.

17       32.    In or around January 2020, SVENGERT was informed by MARTINEZ that Ms.

18   Johnston had told MARTINEZ about SVENGERT's personal life and diagnoses. Ms. Johnston also

19   told MARTINEZ that SVENGERT was allegedly no longer performing up to the standards that an

20   Assistant General Manger was supposed to. In response, SVENGERT spoke with Ms. Johnston and

21   asked her if there was anything that she needed to improve on. SVENGERT also informed Ms.

22   Johnston that she was still under the care of her psychiatrist for the diagnoses of anxiety, depression,

23   and insomnia. Although Ms. Johnston told SVENGERT that everything was fine, Ms. Johnston's

24   demeanor toward SVENGERT began to change afterwards. Ms. Johnston no longer communicated

25   or interacted with SVENGERT and failed to respond to many work-related emails.

26       33.    As a result, in or around February 2020, SVENGERT issued a verbal complaint to

27   Michelle Weidman. SVENGERT told Ms. Weidman that she had been diagnosed with anxiety,

28   depression, and insomnia. SVENGERT complained to Ms. Weidman that Ms. Johnston was unfairly

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

1  scrutinizing her due to her disabilities/serious health conditions. Ms. Weidman told SVENGERT that

2  she would look further into her complaints.

3      34.    On or around March 3, 2020, after not receiving any response from Ms. Weidman,

4  SVENGERT sent Ms. Weidman a follow up email asking if she needed any additional information

5  regarding her complaint against Ms. Johnston. That same day, Ms. Weidman responded stating that

6  she was working on it and hoped to have more info the following week. After that, SVENGERT did

7  not receive any further response from Ms. Weidman regarding her complaint against Ms. Johnston.

8      35.    On or around March 12, 2020, SVENGERT's primary care physician placed her on a

9  30 day leave due to her anxiety. SVENGERT's expected return to work date was April 13, 2020. On

10 or around March 13, 2020, SVENGERT emailed the leave note to Ms. Weidman and Ms. Johnston.

11      36.    On or around March 30, 2020, SVENGERT received the same email from Harvey

12 Speak referenced above, outlining the company's response to COVID-19. Thereafter, on or around

13 April 1, 2020, SVENGERT was informed that she had been designated as "furloughed" without pay.

14      37.    On or around June 15, 2020, SVENGERT emailed Ms. Weidman to ask about the

15 club openings and to get an update on her employment status. On or around June 17, 2020, the

16 Equinox Sports Club Orange County location opened for business. However, nobody from Equinox

17 contacted SVENGERT about returning to work even though her leave had ended on April 13, 2020.

18      38.    On or around June 22, 2020, SVENGERT emailed Michelle Weidman, Emmerson

19 Figueroa (Human Resources Regional), Gentry Long (Vice President of Equinox Sports Clubs), Jack

20 Gannon (California Vice President), Jeff Peters (Spots Club Area Manager), and Matthew Herbert

21 (Vice President of Global Human Resources). SVENGERT stated that she was extremely concerned

22 about how her furlough had been handled since she had yet to receive any response to the follow up

23 email sent to Ms. Weidman on June 15, 2020. That same day, approximately sixteen minutes later,

24 SVENGERT received an email from Emerson Figueroa stating that he and Gentry Long would call

25 SVENGERT the following day.

26      39.    The next day, on or around June 23, 2020, SVENGERT received a call from Emerson

27 Figueroa and Whitney Johnston wherein she was told that, "based on the circumstances," she was

28 being terminated effective immediately.

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

– 8 –
COMPLAINT

**Pretext for Unlawful Termination**

40.     Due to the size of the club, the large member base, and demanding clientele, Equinox Sports Club Orange County had historically carried three Assistant General Managers, including MARTINEZ, SVENGERT, and Jesus Sandoval. At the time of MARTINEZ and SVENGERT's termination, SVENGERT and MARTINEZ had more experience and were longer tenured Assistant General Managers than Jesus Sandoval, who had just been promoted to Assistant General Manager in or around November 2019. Nevertheless, MARTINEZ and SVENGERT were terminated while Jesus Sandoval remained employed.

41.     In addition, based on information and belief, all of the Assistant General Managers throughout Defendant's Southern California locations were brought back as active employees and many of the clubs continued to operate with more than one Assistant General Manager per location. Consequently, Defendant's termination of MARTINEZ and SVENGERT was merely pretext for unlawful discrimination and/or retaliation for engaging in protected activities.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION ON THE BASIS OF DISABILITY (Gov. Code § 12940(a))**

(Plaintiffs Against all Defendants and DOES 1-10, inclusive)

42.     Plaintiffs incorporate by reference paragraphs 1 through 41 as though fully stated herein.

43.     At all times relevant for purposes of this Complaint, the California Fair Employment and Housing Act ("FEHA") was in full force and effect and binding on Defendants. Under Government Code section 12940(a), the FEHA makes it unlawful for an employer, on the basis of physical and mental disability, whether actual or perceived, "to discharge the person from employment" or "to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

44.     Defendant was a covered employer and subject to FEHA.

45.     From on or around March 17, 2017 through June 23, 2020, MARTINEZ was an employee of Defendant. From on or around April 11, 2016 through June 23, 2020, SVENGERT was an employee of Defendant.

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

46.    MARTINEZ was a member of a protected class due to her diagnoses of PPPD. SVENGERT was also a member of a protected class due to her diagnoses of anxiety, depression, and insomnia.

47.    Plaintiffs were competently performing in their position.

48.    Plaintiffs are informed, believe, and thereon allege that Whitney Johnston was attempting to "manage out" Plaintiffs because they were experiencing health issues.

49.    Plaintiffs suffered an adverse employment action when they were terminated on June 23, 2020.

50.    The reason given to Plaintiffs for their termination was pretext for disability discrimination.

51.    As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have been harmed in that Plaintiffs have suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in their field and damage to their professional reputation, all in an amount subject to proof at the time of trial. Plaintiffs claim such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

52.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have suffered and continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result.  Plaintiffs are informed and believe and thereon allege that they will continue to experience said pain and mental and emotional suffering for a period in the future they cannot presently ascertain, all in an amount subject to proof at the time of trial.

53.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have been forced to hire attorneys to prosecute their claims herein, and have incurred and are expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiffs are entitled to recover such attorneys' fees and costs under Government Code section 12965(b) and/or any other provision of law providing for attorneys' fees and costs.

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

– 10 –
COMPLAINT

54. The acts taken toward Plaintiffs were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiffs, thereby justifying an award to them of punitive damages in a sum appropriate to punish and make an example of Defendants.

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF CFRA (Gov. Code § 12945.2(l))

(Plaintiffs Against all Defendants and DOES 1-10, inclusive)

55. Plaintiffs incorporates by reference paragraphs 1 through 41 as though fully stated herein.

56. Under California Family Rights Act ("CFRA"), an employer is forbidden from discharging or discriminating against an employee who requests family leave or medical leave. Gov. Code § 12945.2(l).

57. Defendant was a covered employer and subject to CFRA.

58. Plaintiffs were employees of Defendant and were eligible to take CFRA leave.

59. Plaintiffs requested that they be provided CFRA leave for their own serious health conditions.

60. Plaintiffs suffered an adverse employment action when they were terminated by Defendant on June 23, 2020.

61. As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have been harmed in that Plaintiffs have suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in their field and damage to their professional reputation, all in an amount subject to proof at the time of trial. Plaintiffs claim such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

62. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have suffered and continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

1  emotional distress and will likely incur, medical expenses as a result. Plaintiffs are informed and

2  believe and thereon allege that they will continue to experience said pain and mental and emotional

3  suffering for a period in the future they cannot presently ascertain, all in an amount subject to proof at

4  the time of trial.

5       63.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs

6  have been forced to hire attorneys to prosecute their claims herein, and have incurred and are expected

7  to continue to incur attorneys' fees and costs in connection therewith. Plaintiffs are entitled to recover

8  such attorneys' fees and costs under Government Code section 12965(b) and/or any other provision

9  of law providing for attorneys' fees and costs.

10       64.    The acts taken toward Plaintiffs were carried out by and/or ratified by Defendants

11  and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent,

12  malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiffs,

13  thereby justifying an award to them of punitive damages in a sum appropriate to punish and make an

14  example of Defendants.

15  **THIRD CAUSE OF ACTION**

16  **RETALIATION IN VIOLATION OF THE FEHA (Cal. Gov't Code § 12940(h) and §**

17  **12940(m)(2))**

18  (Plaintiffs Against all Defendants and DOES 1-10, inclusive)

19       65.    Plaintiffs incorporates by reference paragraphs 1 through 41 as though fully stated

20  herein.

21       66.    It is unlawful for an employer to retaliate or otherwise discriminate against a person for

22  requesting accommodation. Cal. Gov't Code §12940(m)(2).

23       67.    It is also an unlawful employment practice to discharge, expel, or otherwise

24  discriminate against any person because the person has engaged in protected activity under

25  Government Code §12940. Cal. Gov't Code §12940(h).

26       68.    Plaintiff's each made requests to be provided with a reasonable accommodation of

27  temporary leave. On or around November 12, 2019 and January 21, 2020, MARTINEZ made a request

28  to be provided with a reasonable accommodation of temporary leave due to her PPPD diagnosis. On

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE, 840, L.A. CA 90067

1  or around March 12, 2020, SVENGERT made a request to be provided with a reasonable
2  accommodation of temporary leave due to her anxiety.

3      69.    Plaintiffs engaged in protected activity when they made complaints regarding Whitney
4  Johnston's discriminatory treatment of employees that suffered from disabilities and/or serious health
5  conditions. On or about, February 3, 2020, MARTINEZ emailed Gentry Long, the Vice President of
6  Equinox Sports Clubs, and submitted a written complaint regarding Whitney Johnston's
7  discriminatory treatment. Also, in or around February 2020, SVENGERT issued a verbal complaint
8  to Michelle Weidman stating that Ms. Johnston was unfairly scrutinizing her due to her
9  disabilities/serious health conditions.

10      70.    Plaintiffs had a reasonable and good faith belief that the conduct they reported
11  constituted unlawful discrimination.

12      71.    Plaintiff's suffered an adverse employment action when they were terminated by
13  Defendant on June 23, 2020.

14      72.    Furthermore, there is a causal link between Plaintiffs' termination and their protected
15  activity. Defendants terminated Plaintiffs within a few short months after they made requests for a
16  reasonable accommodation of temporary leave and shortly after Plaintiffs engaged in protected
17  activity by making complaints regarding Whitney Johnston's discriminatory treatment.

18      73.    Defendant's conduct as alleged above constituted unlawful retaliation in violation of
19  the FEHA.

20      74.    As a direct and proximate result of the wrongful acts of Defendants, and each of them,
21  Plaintiffs have been harmed in that Plaintiffs have suffered actual, consequential and incidental
22  financial losses, including without limitation loss of salary and benefits, and the intangible loss of
23  employment-related opportunities for growth in their field and damage to their professional reputation,
24  all in an amount subject to proof at the time of trial. Plaintiffs claim such amounts as damages together
25  with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision
26  of law providing for prejudgment interest.

27      75.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs
28  have suffered and continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE. 840, LA, CA 90067

emotional distress and will likely incur, medical expenses as a result. Plaintiffs are informed and believe and thereon allege that they will continue to experience said pain and mental and emotional suffering for a period in the future they cannot presently ascertain, all in an amount subject to proof at the time of trial.

76.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have been forced to hire attorneys to prosecute their claims herein, and have incurred and are expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiffs are entitled to recover such attorneys' fees and costs under Government Code section 12965(b) and/or any other provision of law providing for attorneys' fees and costs.

77.     The acts taken toward Plaintiffs were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiffs, thereby justifying an award to them of punitive damages in a sum appropriate to punish and make an example of Defendants.

### FOURTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION BASED ON DISABILITY (Gov. Code §12940(k))

(Plaintiffs Against All Defendants and DOES 1-10, inclusive)

78.     Plaintiffs incorporates by reference paragraphs 1 through 41 as though fully stated herein.

79.     Defendant was a covered employer and subject to FEHA.

80.     From on or around March 17, 2017 through June 23, 2020, MARTINEZ was an employee of Defendant. From on or around April 11, 2016 through June 23, 2020, SVENGERT was an employee of Defendant.

81.     Plaintiffs were subjected to disability discrimination in the course of their employment with Defendant.

82.     Defendant failed to take all reasonable steps to prevent discrimination on the basis of Plaintiffs' disability.

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE. 840, LA, CA 90067

83.    As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have been harmed in that Plaintiffs have suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in their field and damage to their professional reputation, all in an amount subject to proof at the time of trial. Plaintiffs claim such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

84.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have suffered and continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result. Plaintiffs are informed and believe and thereon allege that they will continue to experience said pain and mental and emotional suffering for a period in the future they cannot presently ascertain, all in an amount subject to proof at the time of trial.

85.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have been forced to hire attorneys to prosecute their claims herein, and have incurred and are expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiffs are entitled to recover such attorneys' fees and costs under Government Code section 12965(b) and/or any other provision of law providing for attorneys' fees and costs.

86.    The acts taken toward Plaintiffs were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiffs, thereby justifying an award to them of punitive damages in a sum appropriate to punish and make an example of Defendants.

### FIFTH CAUSE OF ACTION

### WHISTLEBLOWER RETALIATION (Lab. Code, § 1102.5)

(Plaintiffs Against All Defendants and DOES 1-10, inclusive)

87.    Plaintiffs incorporates by reference paragraphs 1 through 41 as though fully stated herein.

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE., 840, L.A, CA 90067

88.     California Labor Code § 1102.5 prohibits employers from retaliating against employees who engage in protected "whistleblowing" activities when the employee has reasonable cause to believe that the information discloses a violation of state or federal statute. In addition, Labor Code § 1102.5 subd. (b) forbids retaliation if the employee disclosed, or the employer believes he/she disclosed "to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance."

89.     Under Government Code section 12940(a), the FEHA makes it unlawful for an employer, on the basis of physical and mental disability, whether actual or perceived, "to discharge the person from employment" or "to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

90.     Plaintiffs engaged in protected activity when they made complaints regarding Whitney Johnston's discriminatory treatment of employees that suffered from disabilities and/or serious health conditions. On or about, February 3, 2020, MARTINEZ emailed Gentry Long, the Vice President of Equinox Sports Clubs, and submitted a written complaint regarding Whitney Johnston's discriminatory treatment. Also, in or around February 2020, SVENGERT issued a verbal complaint to Michelle Weidman stating that Ms. Johnston was unfairly scrutinizing her due to her disabilities/serious health conditions.

91.     Plaintiffs had a reasonable and good faith belief that the conduct they reported constituted unlawful discrimination

92.     Plaintiff's suffered an adverse employment action when they were terminated by Defendant on June 23, 2020.

93.     Furthermore, there is a causal link between Plaintiffs' termination and their protected activity. Defendants terminated Plaintiffs within a few short months after they issued their complaints.

94.     As a proximate result of Defendants' conduct and pursuant to Labor Code § 1102.5(f), Defendants are liable to Plaintiffs for a civil penalty not to exceed ten thousand dollars ($10,000.00) each.

95.     As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have been harmed in that Plaintiffs have suffered actual, consequential and incidental

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE., 840, L.A., CA 90067

financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in their field and damage to their professional reputation, all in an amount subject to proof at the time of trial. Plaintiffs claim such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

96.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have suffered and continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and have incurred and will likely incur, medical expenses as a result. Plaintiffs are informed and believe and thereon allege that they will continue to experience said pain and mental and emotional suffering for a period in the future they cannot presently ascertain, all in an amount subject to proof at the time of trial.

97.    As a further proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have been forced to hire attorneys to prosecute their claims herein, and have incurred and are expected to continue to incur attorneys' fees in connection therewith. Upon being determined the prevailing party, Plaintiffs will be entitled to recover such attorneys' fees.

98.    The acts taken toward Plaintiffs were carried out by and/or ratified by Defendants and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiffs, thereby justifying an award to them of punitive damages in a sum appropriate to punish and make an example of Defendants.

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against all Defendants and DOES 1-10, inclusive)

99.    Plaintiffs incorporates by reference paragraphs 1 through 41 as though fully stated herein.

100.    California recognizes the tort claim of wrongful discharge based on a violation of fundamental and substantive public policy. *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980). In addition, Government Code §12920 declares that it is the public policy of California that "it is

necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation."

101.  Pursuant to the California's Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940, *et seq.*, California also has a fundamental and substantive public policy that prohibits employers from discriminating against employees on the basis of a disability and retaliating against employees for requesting accommodation.

102.  Pursuant to Labor Code § 1102.5, California has a fundamental and substantive public policy that prohibits employers from retaliating against employees who engage in protected "whistleblowing" activities when the employee has reasonable cause to believe that the information discloses a violation of state or federal statute

103.  In addition, pursuant to California Family Rights Act (CFRA), Gov. Code § 12945.2(l), California has a fundamental and substantive public policy that prohibits employers from discharging or discriminating against an employee who requests or takes family/medical leave.

104.  As set forth above, Defendant terminated Plaintiffs in violation of fundamental and substantive public policies.

105.  As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have been harmed in that Plaintiffs have suffered actual, consequential and incidental financial losses, including without limitation loss of salary and benefits, and the intangible loss of employment-related opportunities for growth in their field and damage to their professional reputation, all in an amount subject to proof at the time of trial. Plaintiffs claim such amounts as damages together with prejudgment interest pursuant to Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

106.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiffs have suffered and continue to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and have incurred and will likely incur, medical expenses as a result. Plaintiffs are informed and believe and thereon allege that they will continue to experience said pain and mental

1  and emotional suffering for a period in the future they cannot presently ascertain, all in an amount

2  subject to proof at the time of trial.

3        107.    The acts taken toward Plaintiffs were carried out by and/or ratified by Defendants

4  and/or managing agent employees of Defendants acting in a despicable, oppressive, fraudulent,

5  malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiffs,

6  thereby justifying an award to them of punitive damages in a sum appropriate to punish and make an

7  example of Defendants.

8                              **PRAYER FOR RELIEF**

9        WHEREFORE, PLAINTIFFS pray for judgment as follows:

10    1.  For all actual, consequential and incidental financial losses, including without limitation

11        loss of salary and benefits, together with prejudgment interest, according to proof;

12    2.  For compensatory and general damages in an amount according to proof;

13    3.  For injunctive and declaratory relief;

14    4.  For penalties pursuant to Labor Code Section 1102.5;

15    5.  For Attorney's fees;

16    6.  For prejudgment and post-judgment interest according to any applicable provision of law,

17        according to proof;

18    7.  Costs of suit; and

19    8.  For such other and further relief as the Court may deem just and proper.

20

21  Dated: October 30, 2020

                              THE LAW OFFICE OF OMID NOSRATI

22

23                            By:/s/ Omid Nosrati, Esq.
                                 Omid Nosrati, Esq.
24                               Rene M. Maldonado, Esq.
                                 Attorneys for Plaintiffs,
25                               VALERIE MARTINEZ
                                 THERESE SVENGERT
26

27

28

THE LAW OFFICE OF OMID NOSRATI
1801 CENTURY PARK EAST, STE. 840, L.A., CA 90067

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by California Code of Civil Procedure section 631.


Dated: October 30, 2020

THE LAW OFFICE OF OMID NOSRATI

By: */s/ Omid Nosrati, Esq.*
Omid Nosrati, Esq.
Rene M. Maldonado, Esq.
Attorneys for Plaintiffs,
VALERIE MARTINEZ
THERESE SVENGERT

THE LAW OFFICE OF OMID NOSRATI
1601 CENTURY PARK EAST, STE., 840, L.A, CA 90067

—20—
COMPLAINT

# Exhibit A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 16, 2020

Omid Nosrati, Esq.
1801 Century Park East, Ste. 840
Los Angeles, California 90067

RE:    **Notice to Complainant's Attorney**
DFEH Matter Number: 202009-11273216
Right to Sue: Martinez / Equinox Holdings, Inc.

Dear Omid Nosrati, Esq.:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency      GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 16, 2020

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202009-11273216
       Right to Sue: Martinez / Equinox Holdings, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 16, 2020

Valerie Martinez
2235 Valencia Street
Santa Ana, California 92706

RE:    **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202009-11273216
Right to Sue: Martinez / Equinox Holdings, Inc.

Dear Valerie Martinez:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 16, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Valerie Martinez                                                    DFEH No. 202009-11273216

Complainant,

vs.

Equinox Holdings, Inc.
31 Hudson Yards, 15th Floor
New York, New York 10001

Respondents

_____

1. Respondent **Equinox Holdings, Inc.** is an **employer Equinox Holdings, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **Valerie Martinez**, resides in the City of **Santa Ana,** State of **California.**

4. Complainant alleges that on or about **June 23, 2020,** respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was terminated, laid off, denied family care or medical leave (cfra) (employers of 50 or more people).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, laid off, denied family care or medical leave (cfra) (employers of 50 or more people).

**Additional Complaint Details:** During my employment with Equinox Holdings, Inc., I experienced discrimination based on my disability/serious health condition and retaliation for engaging in protected activity.
      On or around March 27, 2017, I was hired as a Front Desk Associate at Equinox Holdings, Inc. ("Equinox") Newport Beach location. On or around July 1, 2018, I was

-1-
*Complaint – DFEH No. 202009-11273216*

Date Filed: September 16, 2020

transferred to Equinox Sports Club Orange County located in Irvine, CA. On or around April 22, 2019, I was promoted to Assistant General Manager at Equinox Sports Club Orange County.

In or around July 2019, while working as an Assistant General Manager at Equinox Sports Club Orange County, I began to experience symptoms of dizziness, nausea, and fatigue. During one of my shifts in October 2019, my symptoms became so bad that my mom had to pick me up from work and take me to the emergency room because I was unable to walk, let alone drive myself to the hospital. In November 2019, my mom came to pick me up from work once again and transport me to the emergency room due to my recurring symptoms of dizziness, nausea, and fatigue. Throughout this time, my direct supervisor and the General Manager of Equinox Sports Club Orange County, Whitney Johnston, was aware that I was dealing with health issues relating to my recurring symptoms of dizziness, nausea, and fatigue. In fact, Ms. Johnston was present at the club when my mom picked me up to take me to the emergency room.

On or around November 12, 2019, I was diagnosed with Persistent Postural-Perceptual Dizziness (PPPD). Based on my understanding, PPPD is a condition that produces persistent dizziness, non-spinning vertigo and/ or unsteadiness. My doctor informed me that PPPD is caused by a dysregulation to the nervous system due to extensive stress and exhaustion. Upon being diagnosed with PPPD, my doctor placed me on a two-week medical leave, from November 14, 2019 to November 26, 2019. On or around November 12, 2019, I provided the medical leave note to Whitney Johnston and Michelle Weidman, an Equinox Human Resources representative.

Although I returned to work on or around November 27, 2019, I continued to struggle with PPPD and the recurring symptoms of dizziness, nausea, and fatigue. However, on or about January 9, 2020, Ms. Johnston, informed me that my performance was suffering as I was allegedly not providing enough support to the Maintenance Department. During this conversation, Ms. Johnston also stated that she had been over-sympathetic about my health concerns but, because it was starting to (allegedly) impact my performance, she could no longer be sympathetic, or words similar to that effect.

On around January 21, 2020, due to my serious health condition of PPPD, my doctor placed me on a twelve-week medical leave, with a return to work date of April 15, 2020. On or around February 3, 2020, while I was still out on leave, I spoke with Michelle Weidman and made a verbal complaint regarding the discriminatory treatment that I received from Whitney Johnston. I informed Ms. Weidman that Ms. Johnston was well aware that I had been dealing with PPPD and the relating symptoms of dizziness, nausea, and fatigue, which were caused by extensive stress. I informed Ms. Weidman, that despite my health issues, Ms. Johnston assigned me extra work, which caused further stress and contributed to my PPPD symptoms. I also informed Ms. Weidman that Ms. Johnston had a history of assigning extra work and placing extra pressure on employees that were experiencing health issues, which created a toxic environment at our club. Ms. Weidman expressed concern but stated, "I'm going to try my best, but I only have so much power," or words similar to that effect.

On or about, February 3, 2020, I emailed Gentry Long, the Vice President of Equinox Sports Clubs, and submitted a written complaint regarding Whitney Johnston. In addition to providing Mr. Long with the same information that I provided to Ms. Weidman, I provided Mr. Long specific examples of the Whitney Johnston's discriminatory treatment of employees that were experiencing serious health issues.

-2-
*Complaint – DFEH No. 202009-11273216*

Date Filed: September 16, 2020

I also provided Mr. Long with a list of employees that have experienced similar discriminatory treatment from Ms. Johnston. Based on my understanding, none of the witnesses were contacted by Human Resources or anybody else from Equinox. Also, based on my understanding, no formal investigation was conducted. In fact, it's my understanding that, shortly after my complaint, Whitney Johnston received a promotion from General Manager to Executive Director of Equinox Sports Club Orange County.

In or around the end of March 2020, Ms. Johnston emailed me asking if I had recovered. I informed Ms. Johnston that I was still under my doctor's care and I had not been cleared to return to work. On or around April 3, 2020, I was informed that I had been designated as "furloughed" without pay. I was then terminated on or about June 23, 2020. I believe Equinox's termination of my employment was merely pretext for unlawful discrimination based on my disability and/or retaliation for requesting reasonable accommodations and complaining about discrimination.

-3-
*Complaint – DFEH No. 202009-11273216*

Date Filed: September 16, 2020

1  VERIFICATION

2  I, **Valerie Martinez**, am the **Complainant** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The same is true of my own
   knowledge, except as to those matters which are therein alleged on information and
4  belief, and as to those matters, I believe it to be true.

5  On September 16, 2020, I declare under penalty of perjury under the laws of the State
6  of California that the foregoing is true and correct.

7                                                                        **Santa Ana, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                          -4-
27                       *Complaint – DFEH No. 202009-11273216*

28  Date Filed: September 16, 2020

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 16, 2020

Omid Nosrati, Esq.
1801 Century Park East, Ste. 840
Los Angeles, California 90067

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202009-11274316
       Right to Sue: Svengert / Equinox Holdings, Inc.

Dear Omid Nosrati, Esq.:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 16, 2020

RE: **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202009-11274316
      Right to Sue: Svengert / Equinox Holdings, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 16, 2020

Therese Svengert
5232 Anthony Ave.
Garden Grove, California 92845

RE:    **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202009-11274316
Right to Sue: Svengert / Equinox Holdings, Inc.

Dear Therese Svengert:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 16, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Therese Svengert                                                      DFEH No. 202009-11274316

                                              Complainant,

vs.

Equinox Holdings, Inc.
31 Hudson Yards, 15th Floor
New York, New York 10001

                                              Respondents

------------------------------------------------

1. Respondent **Equinox Holdings, Inc.** is an **employer Equinox Holdings, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **Therese Svengert**, resides in the City of **Garden Grove**, State of **California.**

4. Complainant alleges that on or about **June 23, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was terminated, laid off, denied family care or medical leave (cfra) (employers of 50 or more people), other.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, laid off, denied family care or medical leave (cfra) (employers of 50 or more people).

**Additional Complaint Details:** During my employment with Equinox Holdings, Inc., I experienced discrimination based on my disability/serious health condition and retaliation for engaging in protected activity.
           On or around April 11, 2016, I was hired as an Assistant General Manager at Equinox Holdings, Inc. ("Equinox") Huntington Beach location. On or around June 1, 2019, I

-1-
*Complaint – DFEH No. 202009-11274316*

Date Filed: September 16, 2020

1   was transferred to Equinox Sports Club Orange County as an Assistant General Manager.
2   Throughout my time at Equinox Sports Club Orange County, Whitney Johnston was my
    direct supervisor and the General Manager of the club.

3        In or around November 2019, I was diagnosed with anxiety, depression, and
    insomnia. My psychiatrist also prescribed me with several medications to treat my serious
4   health condition. Thereafter, I informed Whitney Johnston that I had been diagnosed with
    anxiety, depression, and insomnia and I was taking medication to treat these conditions.

5        In or around January 2020, I had been informed by a co-worker, Valerie Martinez, an
    Assistant General Manager at Equinox Sports Club Orange County, that Ms. Johnston told
6   her about my personal life and diagnoses. Ms. Johnston also told Ms. Martinez that I was no
    longer performing up to the standards that an Assistant General Manger was supposed to.
7   In response, I spoke with Ms. Johnston and asked her if there was anything that I needed to
    improve on. I also informed Ms. Johnston that I was still under the care of my psychiatrist for
8   the dragonesess of anxiety, depression, and insomnia. Although Ms. Johnston stated that
    everything was fine, her demeanor toward me began to change afterwards. Ms. Johnston no
9   longer communicated or interacted with me and failed to respond to many of my work-
    related emails.

10       As a result, in or around February 3, 2020, I issued a verbal complaint to Michelle
    Weidman, an Equinox Human Resources representative. I told Ms. Weidman that I had
11  been diagnosed with anxiety, depression, and insomnia. I complained to Ms. Weidman that
    Ms. Johnston was unfairly scrutinizing me due to my disabilities/serious health conditions.
12  Ms. Weidman told me that she would look further into my complaints.

13       On or around March 3, 2020, after not receiving any response from Ms. Weidman, I
    sent Ms. Weidman a follow up email asking if she needed any additional information
14  regarding my complaint against Ms. Johnston. That same day, Ms. Weidman responded
    stating that she was working on it and hoped to have more info the following week. After
15  that, I did not receive any further response from Ms. Weidman regarding my complaint
    against Ms. Johnston.

16       On or around March 12, 2020, my primary care physician placed me on a 30 day
    leave due to my anxiety disability. My expected return to work date was April 13, 2020. On
17  or around March 13, 2020, I emailed the leave note to Ms. Weidman and Ms. Johnston.

18       Thereafter, on or around April 1, 2020, I was informed that I had been designated as
    "furloughed" without pay. On or around June 15, 2020, I emailed Ms. Weidman to ask about
19  the club openings and to get an update on my employment status. On or around June 17,
    2020, the Equinox Sports Club Orange County location opened for business. However,
20  nobody from Equinox contacted me about returning to work even though my leave had
    ended on April 13, 2020.

21       On or around June 22, 2020, I emailed Michelle Weidman, Emmerson Figueroa
    (Human Resources Regional), Gentry Long (Vice President of Equinox Sports Clubs), Jack
22  Gannon (California Vice President), Jeff Peters (Spots Club Area Manager), and Matthew
    Herbert (Vice President of Global Human Resources). I stated that I was extremely
23  concerned about how my furlough had been handled since I had yet to receive any
    response to the follow up email I sent on June 15, 2020.

24       That same day, approximately sixteen minutes later, I received an email from
    Emerson Figueroa stating that he and Gentry Long would call me the following day. That
25  next day, on or around June 23, 2020, I received a call from Emerson Figueroa and Whitney

26

27                                    -2-
                          _Complaint – DFEH No. 202009-11274316_

28  Date Filed: September 16, 2020

                                      41

1  Johnston wherein I was told that, "based on the circumstances," I was being terminated effective immediately.

2  I believe Equinox's termination of my employment was merely pretext for unlawful discrimination based on my disability and retaliation for engaging in protected activity.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-
*Complaint – DFEH No. 202009-11274316*

Date Filed: September 16, 2020

1  VERIFICATION

2  I, **Therese Svengert**, am the **Complainant** in the above-entitled complaint.  I have
3  read the foregoing complaint and know the contents thereof.  The same is true of my
   own knowledge, except as to those matters which are therein alleged on information
4  and belief, and as to those matters, I believe it to be true.

5  On September 16, 2020, I declare under penalty of perjury under the laws of the State
6  of California that the foregoing is true and correct.

7                                                      **Garden Grove, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              -4-
                    *Complaint – DFEH No. 202009-11274316*

28  Date Filed: September 16, 2020

43

Electronically Filed by Superior Court of California, County of Orange, 10/30/2020 03:57:24 PM.
30-2020-01167982-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Omid Nosrati, Esq. (SBN 216350) Rene M. Maldonado, Esq. (SBN 289739)<br>The Law Office of Omid Nosrati<br>1801 Century Park East, Suite 840<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 553-5630     FAX NO.: (310) 553-5691<br>ATTORNEY FOR (Name): Plaintiffs, VALERIE MARTINEZ, ET AL. | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
MARTINEZ, ET AL. v. EQUINOX HOLDINGS, INC., ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2020-01167982-CU-WT-CJC |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter     ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Robert J. Moss<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): Six (6)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/30/2020
Rene M. Maldonado Esq.
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition