JACKSON LEWIS P.C.
James P. Carter (SBN 150052)
Jonathan P. Schmidt (SBN 293290)
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Telephone: (949) 885-1360
Email: james.carter@jacksonlewis.com
Email: jonathan.schmidt@jacksonlewis.com

Attorneys for Defendant
EQUINOX HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE MARTINEZ, an individual, THERESE SVENGERT, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUINOX HOLDINGS, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.:  8:20-cv-02413-RAO-KES<br>Reassigned to Mag. Rozella A. Oliver<br><br>**DEFENDANT EQUINOX HOLDINGS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW [FRCP 50(a)]**<br><br>Trial Date: January 23, 2024 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUINOX
HOLDINGS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. <u>INTRODUCTION</u>

Plaintiffs have failed to put forth any evidence of Equinox's financial condition or ability to pay punitive damages at this time.  There is no testimony from any of the witnesses at trial, including Matthew Herbert, regarding Equinox's financial condition at the time of trial, which is an essential element of the claim.  Based on the lack of evidence presented, the jury does not have a legally sufficient evidentiary basis to conclude that Plaintiffs have met their burden and established the required elements of punitive damages to justify a verdict in their favor. Equinox therefore respectfully asks this Court to rule in its favor on Plaintiffs' claim for punitive damages.

## II. <u>STANDARD</u>

Judgment as a matter of law "is warranted if a reasonable jury would not have a legally sufficient evidentiary basis to find for the nonmoving party." *Leany v. San Diego Steel Holdings Grp. Inc*., 833 F. App'x 76, 78 (9th Cir. 2020) (quoting Fed. R. Civ. P. 50(a)(1)).

## III. <u>EQUINOX IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PUNITIVE DAMAGES BECAUSE PLAINTIFFS HAVE FAILED TO PUT FORTH ANY EVIDENCE OF EQUINOX'S FINANCIAL CONDITION</u>

Plaintiffs have failed to put forth any evidence of Equinox's financial condition which is essential to a claim for punitive damages.  Evidence of a defendant's financial condition is essential to support an award of punitive damages, and the plaintiff bears the burden of proof on the issue.  "A plaintiff seeking punitive damages is not seeking a mere declaration by the jury that he is entitled to punitive damages in the abstract. The plaintiff is seeking an award of real money in a specific amount to be set by the jury. Because the award, whatever its amount, cannot be sustained absent evidence of the defendant's financial condition, such evidence is 'essential to the claim for relief.'" *Adams v. Murakami* (1991) 54 Cal.3d 105, 119; *see Corenbaum v. Lampkin*, 215 Cal. App. 4th 1308, 1337.

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUINOX HOLDINGS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW

In determining whether a punitive damage award is excessive under California law, a court must consider (1) the reprehensibility of the defendant's conduct; (2) the amount of compensatory damages or actual harm suffered by the plaintiff; and (3) the defendant's financial condition.  *See Doe v. Lee*, 79 Cal.App.5th 612, 619 [In considering the third factor, "an award of punitive damages cannot be sustained on appeal unless the trial record contains meaningful evidence of the defendant's financial condition. The absence of this evidence thwarts effective appellate review of a claim that punitive damages are excessive."]  While the California Supreme Court has declined to prescribe any particular standard for assessing a defendant's ability to pay punitive damages, it has held that actual evidence of the defendant's financial condition is essential.  *Adams*, *supra,* 54 Cal.3d at 116, 119. A punitive damages award is based on the defendant's financial condition at the time of trial. *Zhadan v. Downtown Los Angeles Motor Distributors, Inc.* (1979) 100 Cal. App. 3d 821, 839; *Washington v. Farlice* (1991) 1 Cal.App.4th 766, 777.

Here, Plaintiffs have failed to put forth any meaningful evidence of Equinox's financial condition or ability to pay punitive damages through any witness, including through Matthew Herbert.  The only potentially relevant testimony from Matthew Herbert is his speculation regarding the revenues at a typical California fitness club pre-COVID shutdown.  Day 5, 55:14 – 56:25.  That has nothing to do with Equinox's entire financial condition at the time of trial, including profits, liabilities, and ability to pay a punitive damages award.  It is Plaintiffs' burden to prove punitive damages under California law. Plaintiffs had every opportunity during the discovery phase of the case to request documentary evidence of Equinox's financial condition, which closed on August 27, 2021, and they chose not to do so.  There is no documentary evidence of Equinox's financial condition located on the Exhibit List or submitted to the jury.  Accordingly, because Plaintiffs have failed to put forth any evidence of Equinox's financial condition and its ability to pay punitive damages at the time of trial, any award cannot stand.

/ / /

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUINOX HOLDINGS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW

1

## IV.    CONCLUSION

2

For all the reasons stated above, it is undisputed that Plaintiffs' request for punitive

3

damages lacks merit.  Equinox requests that the Court grant its Motion for Judgment as a

4

Matter of Law as to punitive damages.

5

6

Dated:  January 31, 2024                    JACKSON LEWIS P.C.

7

8

9                                               By:/s/*James P. Carter*_____
                                                   James P. Carter
10                                                 Jonathan P. Schmidt

11                                                 Attorneys for Defendant
                                                   EQUINOX HOLDINGS, INC.
12

13

14    4884-0039-8241, v. 1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT EQUINOX
HOLDINGS, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW