UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE MARTINEZ, an individual, THERESE SVENGERT, an individual,<br><br>          Plaintiffs,<br><br>          v.<br><br>EQUINOX HOLDINGS, INC,<br><br>          Defendant. | Case No. SACV 20-02413 RAO<br><br><br>FINAL JURY INSTRUCTIONS |

    The Court gave the following final jury instructions to the jury at the trial in this matter.

DATE: January 30, 2024

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

# COURT INSTRUCTION NO. 1

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.  Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# COURT INSTRUCTION NO. 2

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT INSTRUCTION NO. 3

## BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

# COURT INSTRUCTION NO. 4

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each plaintiff separately.  Unless otherwise stated, the instructions apply to all parties.

# COURT INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

# COURT INSTRUCTION NO. 6
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say and have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

# COURT INSTRUCTION NO. 7

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**COURT INSTRUCTION NO. 8**

**RULING ON OBJECTIONS**

There may have been times during the trial that I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# COURT INSTRUCTION NO. 9
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# COURT INSTRUCTION NO. 10

## USE OF INTERROGATORIES

Evidence was presented to you in the form of an answer of one of the parties to a written interrogatory submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answer, insofar as possible, in the same way as if it were made from the witness stand.

# COURT INSTRUCTION NO. 11

## STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence as Exhibit 100.  You must therefore treat these facts as having been proved.

# COURT INSTRUCTION NO. 12

## IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has engaged in misconduct or made inconsistent statements may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

# COURT INSTRUCTION NO. 13

## DISABILITY DISCRIMINATION– DISPARATE TREATMENT –
## ESSENTIAL FACTUAL ELEMENTS

Plaintiffs claim that Defendant wrongfully discriminated against them because of their disability. To establish this claim, Plaintiffs must prove all of the following:

1. That Defendant knew that Plaintiffs had a disability that limited their ability to work;

2. That Plaintiffs were able to perform the essential job duties of their position with or without reasonable accommodations;

3. That Plaintiffs were terminated;

4. That Plaintiffs' disabilities were a substantial motivating reason for Defendant's decision to terminate them;

5. That Plaintiffs were harmed; and

6. That Defendant's conduct was a substantial factor in causing Plaintiff's harm.

Plaintiffs do not need to prove that Defendant held any ill will or animosity toward them personally because they had a disability. On the other hand, if you find that Defendant did hold ill will or animosity toward Plaintiffs because they had a disability, you may consider this fact, along with all the other evidence, in determining whether Plaintiffs' disability was a substantial motivating reason for Defendant's termination of Plaintiffs.

## COURT INSTRUCTION NO. 14

### DISABILITY DEFINED

A physical disability is having any physiological condition that affects one or more body systems and limits a major life activity.  A mental disability includes, but is not limited to, having any mental or psychological disorder or condition that limits a major life activity.

Major life activities should be viewed broadly and include physical, mental, and social activities. Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working.

## COURT INSTRUCTION NO. 15

### "SUBSTANTIAL MOTIVATING REASON" EXPLAINED

A "substantial motivating reason" is a reason that actually contributed to Defendant's termination of Plaintiffs. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the suspension decision.

# COURT INSTRUCTION NO. 16

## "ESSENTIAL JOB DUTIES" EXPLAINED

In deciding whether a job duty is essential, you may consider, among other factors, the following:

a. Whether the reason the job exists is to perform that duty;

b. Whether there is a limited number of employees available who can perform that duty;

c. Whether the job duty is highly specialized so that the person currently holding the position was hired for the person's expertise or ability to perform the particular duty.

Evidence of whether a particular duty is essential includes, but is not limited to, the following:

a. Defendant's judgment as to which functions are essential;

b. Written job descriptions prepared before advertising or interviewing applicants for the job;

c. The amount of time spent on the job performing the duty;

d. The consequences of not requiring the person currently holding the position to perform the duty;

e. The terms of a collective bargaining agreement;

f. The work experiences of past persons holding the job;

g. The current work experience of persons holding similar jobs;

h. Reference to the importance of the job in prior performance reviews.

"Essential job duties" do not include the marginal duties of the position.

"Marginal duties" are those that, if not performed would not eliminate the need for the job, or those that could be readily performed by another employee, or those that could be performed in another way.

**COURT INSTRUCTION NO. 17**

**RETALIATION – ESSENTIAL ELEMENTS**

Plaintiffs claim that Defendant retaliated against them because they complained of discrimination or requested a leave of absence as a reasonable accommodation. To establish this claim, Plaintiffs must prove all of the following:

1.      That Plaintiffs complained of discrimination or requested a leave of absence as a reasonable accommodation;

2.      That Plaintiffs were terminated;

3.      That Plaintiffs' complaint or request(s) for a leave of absence as a reasonable accommodation was a substantial motivating reason for Defendant's decision to terminate Plaintiffs;

4.      That Plaintiffs were harmed.

5.      That Defendant's decision to terminate Plaintiffs was a substantial factor in causing harm.

Plaintiffs do not have to prove discrimination in order to be protected from retaliation.  If they reasonably believed that Defendant's conduct was unlawful, they may prevail on a retaliation claim even if they do not prevail on a separate claim for discrimination.

## COURT INSTRUCTION NO. 18
## LIMITATION ON REMEDIES – SAME DECISION

Plaintiffs claim that they were terminated because of their disabilities and protected complaints, which are unlawful reasons.  Defendant claims that Plaintiffs were part of a layoff due to business-related reasons stemming from COVID-19, which is a lawful reason.

If you find that discrimination or retaliation was a substantial motivating reason for Plaintiffs' layoffs, you must then consider Defendant's stated reason for the layoff.

If you find that business-related reasons stemming from COVID-19 was also a substantial motivating reason, then you must determine whether Defendant has proven that Plaintiffs would have been laid off anyway at that time based on business-related reasons stemming from COVID-19, even if Defendant had not also been substantially motivated by discrimination or retaliation.

In determining whether Defendant's business-related reasons and criteria for the layoff of Plaintiffs due to COVID-19 was a substantial motivating reason, you should determine what actually motivated Defendant, not what Defendant might have been justified in doing.

If you find that Defendant laid off Plaintiffs for a discriminatory or retaliatory reason, you will be asked to determine the amount of damages that Plaintiffs are entitled to recover.  If, however, you find that Defendant would have laid off Plaintiffs anyway at that time for business-related reasons stemming from COVID-19, then Plaintiffs will not be entitled to damages.

# COURT INSTRUCTION NO. 19

## FAILURE TO PREVENT DISCRIMINATION - ESSENTIAL FACTUAL ELEMENTS

Plaintiffs claim that Defendant failed to take all reasonable steps to prevent discrimination based on disability. To establish this claim, Plaintiffs must prove all of the following:

1.      That Plaintiffs were employees of Defendant;

2.      That Plaintiffs were subjected to discrimination in the course of employment;

3.      That Defendant failed to take all reasonable steps to prevent the discrimination;

4.      That Plaintiffs were harmed; and

5.      That Defendant's failure to take all reasonable steps to prevent discrimination was a substantial factor in causing Plaintiffs' harm.

# COURT INSTRUCTION NO. 20

## WHISTLEBLOWER PROTECTION - ESSENTIAL FACTUAL ELEMENTS

Plaintiffs claim that Defendant terminated them in retaliation for their disclosure of information of an unlawful act. In order to establish this claim, Plaintiffs must prove all of the following:

1. That Defendant was Plaintiffs' employer;

2. That Plaintiffs disclosed to a person with authority over Plaintiffs that they were subjected to unlawful discrimination;

3. That Plaintiffs had a reasonable cause to believe that the instances of discrimination that they disclosed constituted unlawful discrimination;

4. That Defendants discharged Plaintiffs;

5. That Plaintiffs' disclosure of the discrimination was a contributing factor in Defendant's decision to terminate Plaintiffs;

6. That Plaintiffs were harmed; and

7. That Defendant's conduct was a substantial factor in causing Plaintiffs' harm.

The disclosure of policies that an employee believes to be merely unwise, wasteful, gross misconduct, or the like, is not protected. Instead, Plaintiffs must have reasonably believed that Defendant's policies violated federal, state, or local statutes, rules, or regulations.

It is not Plaintiffs' motivation for their disclosure, but only the content of that disclosure, that determines whether the disclosure is protected.

A disclosure is protected even though disclosing the information may be part of Plaintiffs' job duties.

## COURT INSTRUCTION NO. 21

## WHISTLEBLOWER PROTECTION SAME DECISION

If Plaintiffs prove that their disclosure of a violation of law was a contributing factor to their layoff, Defendant is not liable if Defendant proves by clear and convincing evidence that it would have laid off Plaintiffs anyway at that time for legitimate, independent reasons.

## COURT INSTRUCTION NO. 22

**ADVERSE ACTION MADE BY DECISION MAKER WITHOUT ANIMUS**

In this case, the decision to discharge Plaintiffs was made by Gentry Long. Even if Gentry Long did not hold any discriminatory or retaliatory intent towards Plaintiffs' complaints of discrimination or taking protected disability leave, Defendant may still be liable for discrimination and/or retaliation if Gentry Long followed a recommendation from or relied on facts provided by another person who had discriminatory or retaliatory intent.

To succeed, Plaintiffs must prove both of the following:

1. That Plaintiffs' complaints of discrimination or taking protected disability leave were a substantial motivating reason for Jeffrey Peters or Whitney Johnston to provide information that was used by Gentry Long in selecting Plaintiffs for layoff; and

2. Jeffrey Peters' or Whitney Johnston's information about Plaintiffs provided to Gentry Long was a substantial motivating reason for Gentry Long's decision to layoff Plaintiffs.

## COURT INSTRUCTION NO. 23

## BUSINESS JUDGMENT

In California, employment is presumed to be "at will." That means that an employer may discharge an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory or retaliatory reason.

## COURT INSTRUCTION NO. 24

## INTRODUCTION TO TORT DAMAGES—

## LIABILITY CONTESTED

If you decide that Plaintiffs have proved one or more of their claims against Defendant, you also must decide how much money will reasonably compensate Plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by the wrongful conduct of Defendant, even if the particular harm could not have been anticipated.

Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for them. However, you must not speculate or guess in awarding damages.

## COURT INSTRUCTION NO. 25

## ECONOMIC AND NONECONOMIC DAMAGES

The damages claimed by Plaintiffs for the harm caused by Defendant fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

# COURT INSTRUCTION NO. 26

## DAMAGES, PAST AND FUTURE LOST EARNINGS

The following are the specific items of economic damages claimed by Plaintiffs:

Past Lost Earnings: To recover damages for past lost earnings, Plaintiffs must prove the amount of income and benefits that they have lost to date.

Future Lost Earnings:  To recover damages for future lost earnings, Plaintiffs must prove the amount of income and benefits that they will be reasonably certain to lose in the future as a result of the injury.

# COURT INSTRUCTION NO. 27

## AFFIRMATIVE DEFENSE – EMPLOYEE'S DUTY TO MITIGATE DAMAGES

Defendant claims that if Plaintiffs are entitled to any damages, they should be reduced by the amount that Plaintiffs could have earned from other employment. To succeed, Defendant must prove all of the following:

1. That employment substantially similar to Plaintiffs' job was available to them;

2. That Plaintiffs failed to make reasonable efforts to seek and retain this employment; and

3. The amount that Plaintiffs could have earned from this employment.

In deciding whether the employment was substantially similar, you should consider, among other factors, whether:

(a) The nature of the work was different from Plaintiffs' employment with Defendant;

(b) The new position was substantially inferior to Plaintiffs' former position;

(c) The salary, benefits, and hours of the job were similar to Plaintiffs' former job;

(d) The new position required similar skills, background, and experience;

(e) The job responsibilities were similar; and

(f) The job was in the same locality.

In deciding whether Plaintiffs failed to make reasonable efforts to retain comparable employment, you should consider whether Plaintiffs quit or were discharged from that employment for a reason within their control.

## COURT INSTRUCTION NO. 28

### DUTY TO MITIGATE DAMAGES FOR PAST LOST EARNINGS

Plaintiffs are not entitled to recover damages for economic losses that Defendant proves Plaintiffs could have avoided by returning to gainful employment as soon as it was reasonable for Plaintiffs to do so.

To calculate the amount of damages you must:

1. Determine the amount Plaintiffs would have earned from the job they held at the time they were injured; and

2. Subtract the amount Plaintiffs earned or could have earned by returning to gainful employment.

The resulting amount are Plaintiffs' damages for past lost earnings.

## COURT INSTRUCTION NO. 29

## DUTY TO MITIGATE DAMAGES FOR FUTURE LOST EARNINGS

Plaintiffs are not entitled to recover damages for future economic losses that Defendant proves Plaintiffs will be able to avoid by returning to gainful employment as soon as it is reasonable for Plaintiffs to do so.

If you decide that Plaintiffs will be able to return to work, then you must not award Plaintiffs any damages for the amount Plaintiffs will be able to earn from future gainful employment.

To calculate the amount of damages you must:

1. Determine the amount Plaintiffs would have earned from the job they held at the time they were injured; and

2. Subtract the amount Plaintiffs are reasonably able to earn from alternative employment.

The resulting amount is Plaintiffs' damages for future lost earnings.

## COURT INSTRUCTION NO. 30

## ITEMS OF NONECONOMIC DAMAGES

The following are the specific items of noneconomic damages claimed by Plaintiffs:

Past and future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation and emotional distress, Plaintiffs must prove that they are reasonably certain to suffer that harm.

For future physical pain, mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiffs for future physical pain, mental suffering and emotional distress.

## COURT INSTRUCTION NO. 31

## PUNITIVE DAMAGES—ENTITY DEFENDANT—BIFURCATED TRIAL (FIRST PHASE)

If you decide that Defendant's conduct caused Plaintiffs harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Plaintiffs have proved that Defendant engaged in that conduct with malice, oppression, or fraud. To do this, Plaintiffs must prove one of the following by    clear and convincing evidence:

1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of Defendant who acted on behalf of Defendant; or

2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of Defendant; or

3. That one or more officers, directors, or managing agents of Defendant knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that Defendant acted with intent to cause injury or that Defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that Defendant's conduct was despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Defendant intentionally misrepresented or concealed a material fact and did so intending to harm Plaintiffs.

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decisionmaking such that the employee's decisions ultimately determine corporate policy.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT INSTRUCTION NO. 32

## ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

# COURT INSTRUCTION NO. 33

## CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

## COURT INSTRUCTION NO. 34

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COURT INSTRUCTION NO. 35

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

# COURT INSTRUCTION NO. 36

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## COURT INSTRUCTION NO. 37

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk or bailiff that you are ready to return to the courtroom.